IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:13-CV-356-RJC-DSC

SONIC AUTOMOTIVE, INC. and )
SONIC – LS CHEVROLET, L.P. d/b/a )
LONE STAR CHEVROLET, )
                                                            )
            Plaintiffs, )
                                                              )
v. )
                                                              )
STEVE BLANCHARD, )
                                                              )
            Defendant. )
_____)

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Remand and for Award of Costs and Expenses," Doc. 4, "Defendant's Motion to Dismiss," Doc. 8, "Defendant's Motion for Leave to File Limited Surreply in Opposition to Plaintiffs' Motion to Remand," Doc. 11, and the parties' associated briefs and exhibits. See Docs. 5, 6, 9, 10 and 12.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be granted; Plaintiffs' Motion for Award of Costs and Expenses be denied; and Defendant's Motion to Dismiss be denied as moot as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On May 21, 2013, Plaintiffs sued Defendant in Mecklenburg County Superior Court

alleging that he materially breached and was continuing to breach a Sonic Leadership Academy Agreement and Conditions ("Agreement") dated April 4, 2011. See Doc. 1-1; Doc. 1-2. Specifically, Plaintiffs alleged that Defendant resigned from his employment as General Sales Manager at Lone Star Chevrolet on April 16, 2013 and engaged in a systematic attempt to solicit other Sonic employees to work at Joe Myers Ford, his new employer and a direct competitor of Plaintiffs. Doc. 1-1 at ¶¶ 17–18. Plaintiffs asserted that as of May 21, 2013, at least twenty-three employees had left Lone Star Chevrolet to work at Joe Myers Ford. Id. at ¶¶ 19–20.

On May 21, 2013, a Mecklenburg County Superior Court Judge entered a Temporary Restraining Order ("TRO") against Defendant decreeing:

> Defendant is prohibited from directly or indirectly hiring, offering to hire, employing, engaging, or knowingly permitting, assisting, or causing Joe Myers Ford (or any other entity) to hire, offer to hire, or employ any person who currently is, or within the six-month period immediately preceding April 16, 2013 was, employed by Sonic, a Sonic owned dealership subsidiary, or a Sonic affiliate.

Id. at 14. On May 30, 2013, the Superior Court Judge entered a Consent Order extending the TRO through June 13, 2013, and scheduling the preliminary injunction hearing for June 13, 2013. Id. at 22-23.

On June 6, 2013, Plaintiffs filed a verified Motion for Contempt and accompanying Notice of Hearing alleging that Defendant violated the TRO and Consent Order by "employing, engaging, or knowingly permitting, assisting, or causing Joe Myers Ford … to hire, offer to hire, or employ…" persons who were employed by Sonic Automotive, Lone Star Chevrolet, or another Sonic owned dealership subsidiary or affiliate within the time frame prohibited by the TRO. Id. at 24-29. On June 7, 2013, the Superior Court Judge entered a Show Cause Order directing Defendant to appear on June 13, 2013 and show cause why he should not be held in

contempt. Id. at 38-39.

On June 11, 2013, Defendant removed the case to this Court alleging the existence of federal diversity subject matter jurisdiction under 28 U.S.C. § 1332. Defendant also alleged that Plaintiff Sonic – LS Chevrolet, L.P., d/b/a Lone Star Chevrolet ("Lone Star Chevrolet") was fraudulently joined in an attempt to defeat diversity and prevent removal. Plaintiffs' filed a Motion to Remand alleging that the Notice of Removal fails to allege the citizenship of any limited partners of Lone Star Chevrolet and fails to allege the citizenship of Lone Star Chevrolet's general partner, Sonic – LS, LLC. Plaintiffs respond that Defendant's fraudulent joinder argument fails because both Plaintiffs have properly asserted claims against Defendant to enforce the Agreement's restrictive covenants. Plaintiffs have also requested an award of costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c).

## II. DISCUSSION

The existence of subject matter jurisdiction is a threshold issue. Any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

A case falls within a district court's diversity jurisdiction only where diversity of citizenship among the parties is complete and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). If any defendant resides in the same state as any plaintiff, complete diversity is lacking and there is no federal jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999). Here, the parties agree that diversity exists between Plaintiff Sonic Automotive, Inc. ("Sonic"), a North Carolina corporation, and Defendant, a citizen of Texas. The parties also agree that the amount in controversy exceeds the jurisdictional amount of $75,000. However, Plaintiffs argue that the presence of Plaintiff Lone Star Chevrolet, a Texas limited partnership, defeats diversity jurisdiction. Defendant responds that Lone Star Chevrolet was fraudulently joined as a Plaintiff, and its citizenship should be disregarded.

A limited partnership is a citizen of the place where its general and limited partners are citizens. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). A limited liability company is a citizen of the place where each of its members are citizens. General Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). Based upon the Affidavit of Joseph D. O'Connor, Jr., Doc. 6, the general partner of Sonic – LS Chevrolet, L.P. d/b/a Lone Star Chevrolet is Sonic – LS, LLC, a limited liability company. The sole member of Sonic – LS, LLC is Sonic of Texas, Inc., which is incorporated under the laws of Texas. See 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title … a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."). Therefore, Sonic – LS Chevrolet, L.P. d/b/a Lone Star Chevrolet is a citizen of Texas for purposes of diversity jurisdiction.

Consequently, Lone Star Chevrolet's Texas citizenship defeats diversity jurisdiction unless Defendant can establish fraudulent joinder. "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir.1994)(internal citations omitted).

The doctrine of fraudulent joinder "permits removal when a non-diverse party is (or has been) a defendant in the case." Mayes, 198 F.3d at 461. In essence, the fraudulent joinder doctrine allows a court "to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." Id.

A defendant seeking removal of a state court action to federal court bears a heavy burden of establishing that a non-diverse party has been fraudulently joined. See id. at 464. In order to establish the existence of fraudulent joinder,

> the removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Id. (emphasis in original) (citation and alterations omitted). In applying this strict standard, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall v. Manville Sales Corp., 6 F.3d 229, 233 (4th Cir.1993). Furthermore, the Fourth Circuit has emphasized that the standard for evaluating a fraudulent joinder issue "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). Courts

5

should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Id. at 425 (citation omitted).

In evaluating a claim of fraudulent joinder, all legal and factual issues must be resolved in favor of the plaintiff. Mayes, 198 F.3d at 464. A court making a determination on the issue of fraudulent joinder "is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." Id. (citation and internal quotation marks omitted).

Although allegations of fraudulent joinder usually involve a defendant, in Turnamics, Inc. v. Advanced Envirotech Systems, Inc., 54 F.Supp.2d 581 (W.D.N.C. 1999), District Judge Lacy H. Thornburg stated that "[t]he Court assumes the same test would be used when the allegation is that a plaintiff has been fraudulently joined." Id. at 584, fn. 1. Therefore, for Defendant to establish fraudulent joinder here, he must demonstrate that Plaintiffs have fraudulently pled jurisdictional facts or that Lone Star Chevrolet has no possibility of succeeding on its claim against him in state court. See Marshall, 6 F.3d at 232-33.

Defendant has not claimed that Plaintiffs have fraudulently pled any jurisdictional facts. Plaintiffs initiated this action in state court and clearly alleged Lone Star Chevrolet's Texas citizenship. Therefore, this Court's inquiry is limited to whether Lone Star Chevrolet has even a "glimmer of hope" of sustaining a claim against Defendant. Hartley, 187 F.3d at 426. The Court should not "delv[e] too far into the merits in deciding a jurisdictional question." Id. at 425. The jurisdictional inquiry ends if there is only the slight possibility of a right to relief. Id.

Defendant argues that Lone Star Chevrolet is not an intended third-party beneficiary of the Agreement executed by Sonic and Defendant, and thus lacks standing to enforce the

Agreement.1 Under North Carolina law a third-party beneficiary can sue to enforce a binding contract made for its benefit "even though he is a stranger both to the contract and to the consideration." Carl v. State, 665 S.E.2d 787, 794 (N.C. App. 2008); see also Blis Day Spa, LLC v. Hartford Ins. Grp., 427 F.Supp.2d 621, 637 (W.D.N.C. 2006) (Conrad, J.) (finding that the contracting parties intended the contract to benefit a third party).

"[T]o establish a claim based on the third party beneficiary contract doctrine, a complaint's allegations must show: (1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit." Hardin v. York Mem'l Park, 730 S.E.2d 768, 775 (N.C. App. 2012). A third party is a contract's direct beneficiary if the contracting parties intended the third party to receive a legally enforceable benefit. Raritan River Steel Co. v. Cherry, Bekaert & Holland, 407 S.E.2d 178, 181 (N.C. 1991). To determine the contracting parties' intent, a court "should consider circumstances surrounding the transaction as well as the actual language of the contract." Id. at 182.

Plaintiffs allege that the Agreement is a valid and enforceable contract between Sonic Automotive and Blanchard. Doc. 1-1 at ¶¶7, 24-26. Plaintiffs further allege that Blanchard was a Lone Star Chevrolet employee when he executed the Agreement, and that "Lone Star Chevrolet was an intended third party beneficiary of the Agreement." Id. at ¶10. In fact, Defendant's Notice of Removal "assum[es], without admitting, that the Agreement between

---

1 Defendant has made additional fraudulent joinder arguments in his Combined Brief that were not raised in the Notice of Removal. The Brief was filed sixteen (16) days after the expiration of the thirty (30) day removal deadline. The undersigned does not address these arguments because a party cannot validly assert "fraudulent joinder" arguments not raised in the Notice of Removal. See UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp., 665 F.Supp.2d 528, 534 (W.D.N.C. 2009) (Conrad, J.)("A defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal.")

Defendant and Sonic is a valid and enforceable contract, thereby satisfying the first two elements of the third-party beneficiary analysis..." Doc. 1 at ¶15.

In the Agreement, Sonic Automotive and Defendant agreed that "[Sonic's Leadership Academy] Program is intended to assist [Defendant] in advancing with his/her current employer." Doc. 1-2 at ¶B. Defendant's "current employer" at that time was Lone Star Chevrolet. Doc. 1-1 at ¶10; Doc. 2 at ¶10. In addition, the Agreement contains the phrase "Sonic, a Sonic owned dealership subsidiary or a Sonic affiliate" (or in the possessive form) twenty-seven times, predominantly in the Agreement's restrictive covenants. Doc. 1-2 at 2-5. Lone Star Chevrolet is "a Sonic owned dealership subsidiary or a Sonic affiliate," as Plaintiffs allege in their Verified Complaint. Doc. 1-1 at ¶2. The circumstances surrounding the Agreement show that Blanchard was Lone Star Chevrolet's General Sales Manager when he executed the Agreement. He held that position while enrolled in Sonic's Leadership Academy Program, and remained there until his resignation. Doc. 1-1 at ¶¶3, 17.

Viewing all the facts and law in Plaintiffs' favor and being mindful that courts must strictly construe removal jurisdiction, the undersigned cannot find that Lone Star Chevrolet has no possibility of succeeding against Defendant in state court. Therefore, Defendant has failed to carry his heavy burden of establishing that Lone Star Chevrolet was fraudulently joined in this case. The undersigned respectfully recommends that Plaintiffs' Motion to Remand be <u>granted</u>.

Plaintiffs have moved for costs and expenses, including attorneys' fees, incurred in connection with the removal. These are recoverable in the discretion of the Court. 28 U.S.C. § 1447(c). Such an award is not made as a matter of course but rather where, "the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>,

546 U.S. 132, 141 (2005). The undersigned does not find that Defendant's arguments lacked an objectively reasonable basis for seeking removal. Therefore, the undersigned respectfully recommends that Plaintiffs' request for costs and expenses be <u>denied</u>.

Because remand is recommended in this case, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied as moot</u>.

## ORDER

**IT IS ORDERED** that "Defendant's Motion for Leave to File Limited Surreply in Opposition to Plaintiffs' Motion to Remand," Doc. 11, is **DENIED**. **IT IS FURTHER ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiffs' Motion to Remand and for Award of Costs and Expenses," Doc. 4, be **GRANTED IN PART** and **DENIED IN PART** and that "Defendant's Motion to Dismiss," Doc. 8, be **DENIED AS MOOT**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16

(4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 4, 2013

David S. Cayer
United States Magistrate Judge